# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                            Case No. 05-CR-276

ERIC S. BARKSDALE,

        Defendant.

## RECOMMENDATION TO CHIEF JUDGE RUDOLPH T. RANDA ON THE DEFENDANT'S MOTION TO SUPPRESS

On September 30, 2005, the defendant, Eric S. Barksdale ("Barksdale") was charged in a criminal complaint with knowingly and intentionally possessing with intent to distribute more than fifty grams of cocaine base in the form of crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). On November 15, 2005, the grand jury returned a six count indictment. Count one alleges that Barksdale conspired to distribute more than five kilograms of cocaine and fifty grams or more of crack cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 846. Count two alleges that Barksdale knowingly and intentionally possessed with intent to distribute five grams or more of crack cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii). Count three is identical to count two but is based upon crack cocaine found in Barksdale's car whereas count two is based upon crack cocaine found in Barksdale's residence. Count four alleges that Barksdale knowingly and intentionally possessed cocaine with intent to distribute cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). Count five alleges that Barksdale

1

knowingly and intentionally possessed with intent to distribute marijuana in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D). Count six alleges that Barksdale knowingly possessed ammunition after having been previously been convicted of a felony, in violation of Title 21, United States Code, Sections 922(g)(1) and 924(a)(2). The indictment also contains a notice of forfeiture.

On January 28, 2006, Barksdale filed a motion to suppress statements. Barksdale's attorney then moved to withdraw from the case and the attorney's motion to withdraw was granted on March 26, 2006. On April 20, 2006, Barksdale's new attorney filed a motion to suppress intercepted telephone calls. On May 31, 2006 Barksdale requested that the previously filed motion to suppress statements be withdrawn. Therefore, currently pending before this court is Barksdale's motion to suppress intercepted telephone calls. The government has responded to this motion. Barksdale has not replied. The pleadings on the motion to suppress are now closed and the matter is ready for resolution. This case has been designated complex pursuant to Criminal L.R. 12.1 because of the volume of discovery involved. Therefore, a trial date has not yet been scheduled.

## FACTUAL SUMMARY

On July 29, 2004, Special Agent Timothy Gray ("Gray") of the Wisconsin Department of Justice, Division of Criminal Investigation, who is also a Task Force Officer with the United States Department of Justice, Drug Enforcement Administration, applied for a wiretap authorization. The Honorable Charles N. Clevert was assigned as the supervising judge in this matter. Judge Clevert granted the authorization as well as five additional related authorizations. The first application was for two cellular telephone numbers in the 414 area code. The government then sought and obtained two extensions of this wiretap. The government then sought and received an authorization to tap an additional cellular telephone in the 414 area code. The government's final application was for an extension of the authorization to tap the first two

2

phones. Each of the applications incorporated by reference the affidavits submitted in support of the earlier applications. All of these applications have been included as exhibits to the government's response to the motion to suppress. The defendant was not a primary user of any of the tapped cellular phones.

**ANALYSIS**

Barksdale provides three reasons as to why the intercepted calls should be suppressed: (1) the government's application was not full and complete because Gray's affidavit states that he "has not included each and every fact known to me concerning this investigation;" (2) the government failed to minimize its monitoring of calls; and (3) the government had not demonstrated that the customary methods of investigation had failed or were unlikely to succeed. The government responds by arguing first that the court should decline to consider the merits of Barksdale's claims because Barksdale's motion contain nothing more than general, speculative and conclusory allegations with no factual or legal support provided and therefore the court should consider these arguments waived on the basis they are not fully developed. As for the substance of Barksdale's motion, the government responds that it appropriately demonstrated that wiretaps were necessary, that it took appropriate steps to minimize the interception and that Barksdale fails in his burden of persuasion, and finally, Barksdale provides no information to support his broad claims that Agent Gray failed to provide a full and complete statement. Each of the defendant's allegations shall be analyzed in turn.

**Full and Complete Statement**

An application to intercept wire, oral, or electronic communications must include

> a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including (i) details as to the particular offense that has been, is being, or is about to be committed, (ii) except as provided in subsection (11), a particular description of the nature and location of the facilities from which or the place where the communication is to be intercepted, (iii) a particular description of the type of communications

sought to be intercepted, (iv) the identity of the person, if known, committing the offense and whose communications are to be intercepted.

18 U.S.C. § 2518(1)(b). In paragraph twelve of Gray's July 29, 2004, affidavit submitted in support of the government's application for a wiretap authorization, Gray states:

> Because this affidavit is submitted for the limited purpose of securing authorization for the interception of wire communications, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish the necessary foundation for an order authorizing the interception of wire communication to and from the above described target telephones.

(Govt. Ex. 1.) Barksdale alleges that, in this statement, the government concedes that it violated the full and complete disclosure requirement established under § 2518(1)(b).

A plain reading of § 2518(1)(b) indicates that paragraph twelve is entirely consistent with the government's obligation to provide a full and complete statement. Section 2518(1)(b) does not require the applicant to reveal every detail of the investigation but rather requires the applicant to provide a full and complete statement of the facts relied upon by the applicant to justify his belief that the order should be issued. Gray does not say that he is not providing every fact that he has relied upon in his belief that the order should be issued; Gray merely says that he has not included every fact known him regarding the investigation. Interpreting § 2518(1)(b) the way Barksdale would like the court to interpret this section would require investigating agents to provide hyper-detailed reports of all the facts of the investigations and would require reviewing judges to read reams of reports that surely would detail largely irrelevant aspects of the investigation. Certainly a judge's review should be thorough but it need not be excruciatingly exhaustive.

Barksdale provides no argument that the application omitted any of the crucial facts that § 2518(1)(b) require an applicant to include, specifically, the details of the alleged offense, the nature and location of the where the communication is to be intercepted, the type of

communication sought, or the identity of the person, if known. Therefore, Barksdale fails to carry his burden in demonstrating that the application was improper.

## Minimization

Barksdale argues that the government has failed to minimize its monitoring of telephone calls. In support of this argument, Barksdale's attorney states that he has listened to close to fifty of the wiretaps and states that on many of these calls that tapping should have ceased because no criminal activity was taking place and that the government's interpretation of the information on these calls is misplaced and taken out of context. This is Barksdale's entire argument. Other than making this cursory and conclusory statement, Barksdale provides absolutely no specifics as to how the government allegedly failed to minimize. Barksdale does not provide transcripts or recordings of conversations that were allegedly improperly intercepted. In fact, Barksdale provides absolutely no details whatsoever as to what was allegedly improperly intercepted. Given that Barksdale provides absolutely no specifics, it is impossible for the court to conclude that the government failed to minimize.

## Failure of Other Investigative Methods

> An application to intercept wire, oral, or electronic communications must include
> a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.

18 U.S.C. § 2518(c).

Barksdale alleges that customary methods of investigation had been successful. Specifically, confidential informants had provided substantial information, law enforcement agents received recording of telephone calls made while suspects were incarcerated, and a number of hand-to-hand buys had been conducted.

The government responds by pointing to the specific allegations of necessity contained within each of the applications and relied upon by Judge Clevert. The government summarizes the allegations of necessity set forth in the applications and states that wiretaps were necessary to obtain evidence regarding the scope of the conspiracy and to identify the source of supply for the conspiracy. Finally, the government points out that Barksdale has not pointed to any specific information that would merit a reversal of Judge Clevert's repeated findings that the government had established the requisite necessity.

"The need for the wiretap is a judgment [left] largely to the principled discretion of the district court." United States v. Thompson, 944 F.2d 1331, 1340 (7th Cir. 1991) (citing United States v. Zambrana, 841 F.2d 1320, 1329 (7th Cir. 1988)). The government need not exhaust all possible avenues of investigation prior to seeking a wiretap. Rather, § 2518(c) merely seeks to ensure that wiretaps are not used "as the initial step in criminal investigation. Id. (quoting United States v. Giordano, 416 U.S. 505, 515 (1974)). Although the defendant argues that certainly some evidence of criminal activity was discoverable through traditional investigative means, he provides no argument as to how the government could discover the scope of the conspiracy or the source of conspiracy's supply without the use of wiretaps. Therefore, this fact remains undisputed and thus it is impossible for the court to conclude that Judge Clevert abused his discretion in concluding that other investigative procedures had failed, would be unlikely to succeed, or would be too dangerous to try.

**IT IS THEREFORE RECOMMENDED** that the defendant's motion to suppress be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Criminal Procedure 59 (b)(2), and General Local Rule 72.3 (E.D. Wis.); whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this

recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

Dated at Milwaukee, Wisconsin, this <u>14th</u> day of August, 2006.

s/AARON E. GOODSTEIN<br>
United States Magistrate Judge